 

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PLATINUM AIR GROUP, LLC, § <br> § <br> Plaintiff, § <br> v. § <br> § <br> SHORT'S TRAVEL, § <br> MANAGEMENT, INC., § <br> § <br> Defendant. § | 3:10-CV-01576-P |

## **ORDER**

Now before the Court is Defendant Short's Travel Management, Inc.'s ("Short's Travel") Motion to Dismiss Plaintiff's Original Complaint filed on September 3, 2010. (Doc. Num. 7.) Plaintiff Platinum Air Group, LLC ("Platinum") filed a Response on September 24, 2010. (Doc. Num. 9.) No Reply was filed. After reviewing the parties' briefing, the evidence, and the applicable law, the Court DENIES this motion.

### I.     Background

On August 12, 2010, Platinum filed a complaint against Short's Travel alleging a breach of contract claim. Short's Travel filed this Motion to Dismiss the Original Complaint on the basis that Platinum had forfeited its existence and therefore lacked the capacity to sue. Short's Travel provided the Court with certified documentation dated July 30, 2010 from the Office of the Texas Secretary of State reflecting Platinum's forfeited status. Platinum responded with documentation from the Texas Secretary of State reflecting that Platinum has returned to active status on September 23, 2010.

## II. Legal Standard & Analysis

Whether a corporation has capacity to sue is determined by the law under which it is organized. Fed. R. Civ. P. 17(b). Platinum is a Texas limited liability company with its principal place of business in Dallas, TX. (Pl.'s Original Compl. ¶ 2.) "Under Texas law, if a corporation's privileges are forfeited pursuant to subchapter F of chapter 171 of the Texas Tax Code, the corporation shall be denied the right to sue or defend." *Formcrete, Co., Inc. v. NuRock Const., LLC*, No. 4:07cv290, 2007 WL 2746812, at *2 (E.D. Tex., September 19, 2007) (*citing* Tex. Tax Code Ann. § 171.252(1)) (*also citing* Tex. Tax Code Ann. § 171.253).

However, if a corporation can show that it has returned to active status before the lawsuit has been dismissed then the corporation will maintain the capacity to sue regardless of whether it lacked that capacity at the time of the initial filing. *LaSalle Printing, Inc. v. City of Laredo*, No. L-83-91, 1984 U.S. Dist. LEXIS 2016, at *2-3 (S.D. Tex. Jan 24, 1984); see also *Acme Color Art Printing Co., Inc. v. Brown*, 488 S.W. 2d 507, 507 (Tex. Civ. App.–Dallas 1972, writ ref'd n.r.e.) ("Since plaintiff showed that its charter had been reinstated before the hearing, it had standing to proceed with the suit, regardless of whether it had such standing on March 28, when the petition was filed.")

Platinum has submitted evidence to the Court that it has returned to active status prior to dismissal of this lawsuit. As such, Short's Travel's Motion to Dismiss Plaintiff's Original Complaint is denied as well as its request for attorney's fees.

## III. Conclusion

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss Plaintiff's Original Complaint. [Doc. Num. 7.]

**IT IS SO ORDERED.**

Signed this 13th day of , 2010.

*[signature]*
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE